NO. 07-10-0303-CR
NO. 07-10-0304-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 30, 2010

_____

DAYMON LAMAR JOHNS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NOS. 56,483-E & 58,725-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

In exchange for a guilty plea, in 2007, Appellant, Daymon Lamar Johns, was convicted in cause number 56,483-E of evading arrest with a vehicle and sentenced to two years confinement and a $1,000 fine.[1] Appellant's sentence was suspended in favor of five years community supervision. In 2009, in exchange for a guilty plea, in

---

[1]Tex. Penal Code Ann. § 38.04(b)(1)(B) (Vernon Supp. 2009).

cause number 58,725-E, Appellant was granted deferred adjudication community supervision for five years for possession of a controlled substance in a drug-free zone.[2] On March 19, 2010, the State filed an Amended Motion to Revoke Order for Community Supervision in cause number 56,483-E and an Amended Motion to Proceed with Adjudication of Guilt on Original Charge in cause number 58,725-E alleging violations of the terms and conditions of community supervision. Appellant entered pleas of true in both causes and the trial court revoked community supervision and sentenced Appellant to two years in a state jail facility plus a $1,000 fine in cause number 56,483-E. The trial court also adjudicated Appellant guilty of possession of a controlled substance in a drug-free zone and sentenced him to nine years confinement and a $1,000 fine in cause number 58,725-E. The trial court ordered the sentence in cause number 56,483-E to run consecutively to the sentence in cause number 58,725-E.

When the clerks' records were filed on August 17, 2010, it came to the Court's attention that the record in cause number 58,725-E did not contain a *Trial Court's Certification of Defendant's Right of Appeal* as required by Rule 25.2(a)(2) and (d) of the Texas Rules of Appellate Procedure and that the record in cause number 56,483-E contained two separate certifications, neither of which is signed by Appellant as required by Rule 25.2(d).[3]

Consequently, we abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means

---

[2]Tex. Health & Safety Code Ann. § 481.134 (Vernon 2010).

[3]As of September 1, 2007, a defendant must sign and receive a copy of the certification.

necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d) in each cause referenced herein. Once properly completed and executed, the certifications shall be included in supplemental clerks' records. *See* Tex. R. App. P. 34.5(c)(2). The trial court shall cause the supplemental clerks' records to be filed with the Clerk of this Court by September 29, 2010. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certifications. If supplemental clerks' records containing proper certifications are not filed in accordance with this order, these causes will be referred to the Court for dismissal. *See* Tex. R. App. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.